# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CLARA BERNICE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-0597 |
| ) | Chief Judge Sharp / Knowles |
| TENNESSEE DEPARTMENT OF ) | |
| CHILDREN'S SERVICES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant Tennessee Department of Children's Services ("TDCS").[1] Docket No. 28. Along with its Motion, Defendant has contemporaneously filed a supporting Memorandum of Law; the Affidavit of John W. Dalton; Defendant's First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents served August 25, 2015; Certified Mail return receipt card for Defendant's First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents signed August 26, 2015; the State of Tennessee Separation Notice dated November 14, 2013; the State of Tennessee DCS letter dated November 26, 2013; the State of Tennessee TCRS letter dated October 17, 2013; and a Statement of Undisputed Facts. Docket Nos. 29-31.

---

[1] The instant Motion was filed on behalf of Defendant Tennessee Department of Children's Services and does not incorporate Defendant Woodland Hills Youth Development Center. Accordingly, this Report and Recommendation is applicable solely to Plaintiff's claims against TDCS.

Plaintiff has not responded to Defendant's Motion or Statement of Undisputed Facts, nor has she filed her own Statement of Undisputed Facts.

Plaintiff, who was an employee of the Tennessee Department of Children's Services for seven years before she took disability retirement in 2013, filed this pro se, in forma pauperis action alleging that Defendant discriminated against her because of her disability due to chronic seizure disorder, in violation of the Rehabilitation Act of 1973.[2] Docket No. 7, Amended Complaint. Plaintiff seeks compensatory and punitive damages. *Id.*

As grounds for its Motion, Defendant argues that, in failing to respond to Defendant's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents, Plaintiff has admitted that she has no proof or evidence either of disability discrimination or that she was able to perform the essential functions of her job as a TDCS Officer at the time of her disability retirement in 2013. Docket No. 29, *citing* Fed. R. Civ. P. 36(b).[3] Defendant further argues that Plaintiff cannot establish a prima facie case of disability discrimination because she cannot show that she was "otherwise qualified" to continue in her employment position as a TDCS Officer absent being offered an alleged reasonable

---

[2] Plaintiff's original Complaint asserted that Defendant violated her rights under Title VII of the Civil Rights Act of 1964, the Americans with Disability Act ("ADA"), and the Rehabilitation Act of 1973. Docket No. 1. In an Order entered June 25, 2015, Judge Sharp found that the documentation attached to Plaintiff's Amended Complaint established, for purposes of frivolity review, that TDCS receives federal funding, such that Plaintiff's claims under the Rehabilitation Act of 1973 could proceed, and dismissed the remainder of Plaintiff's claims. Docket No. 8.

[3] Defendant contends that it sent its First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents to Plaintiff on August 25, 2012, and that she signed the return receipt card for the certified mailing containing those documents on August 26, 2012, but that she has completely failed to respond to the documents. Docket No. 29.

accommodation by Defendant. *Id.*

For the reasons discussed below, the undersigned finds that there is no genuine dispute as to any material fact and that Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that the instant Motion for Summary Judgment (Docket No. 22) be GRANTED.

## II. Undisputed Facts[4]

Plaintiff applied for Ordinary Disability Retirement with the Tennessee Consolidated Retirement System on September 13, 2013, and was approved for Ordinary Disability Retirement on October 17, 2013. Docket No. 30-3, p. 23-26.

On August 25, 2015, Defendant's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents were served on Plaintiff. Docket No. 30-1, Affidavit of John W. Dalton ("Dalton Aff."), ¶ 3; Docket No. 30-2.

On August 26, 2015, Plaintiff signed the return receipt card for the certified mailing containing Defendant's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents that had been served on Plaintiff. Docket No. 30-3; *see also* Dalton Aff., ¶ 4.[5]

Plaintiff never answered or responded in any way to Defendant's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents after they

---

[4] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

[5] Although Dalton Aff., ¶ 4 states that the return receipt card for the certified mailing was dated August 26, 2012, this appears to be a typographical error, as the card itself reflects that it was signed on August 26, 2015. *See* Docket No. 30-3.

3

were served on her on August 25, 2015. Dalton Aff., ¶ 5.

### III. Analysis

**A. Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on January 8, 2016. Docket No. 28. Plaintiff has failed to respond to the instant Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has also failed to respond to Defendant's Statement of Undisputed Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

**B. Summary Judgment Standards**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. 29 U.S.C. § 794 - Rehabilitation Act of 1973**

Section 504 of the Rehabilitation Act of 1973 provides, in relevant part, that:

> No otherwise qualified handicapped individual in the United States, as defined in Section 706(7) of this title, shall, solely by reason of [his or her] handicap, be excluded from participation in, denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

29 U.S.C. § 794.

In order to state a cause of action under Section 504, a plaintiff must allege that: (1) he or she is handicapped within the meaning of the Act; (2) he or she is otherwise qualified for the service sought; (3) he or she was excluded from participation in, being denied benefits of, or being subjected to discrimination under a program solely because of his or her handicap; and (4) the program in question receives financial assistance. *Burns v. City of Columbus, Dep't of Pub.*

*Safety, Div. Of Police*, 91 F.3d 836, 840-41 (6th Cir. 1996).

**D.  The Case at Bar**

While Plaintiff's Amended Complaint essentially contends that Defendant discriminated against her by not providing her with a reasonable accommodation that would permit her to continue her employment as a TDCS Officer, it is undisputed that Plaintiff applied for, and was approved for, Ordinary Disability Retirement.  Docket No. 30-3, p. 23-26.  In order to be approved for Ordinary Disability Retirement, Plaintiff successfully presented medical and/or psychological documentation of total and permanent disability.  *Id.*  Plaintiff's total and permanent disability, by definition, would preclude her from continuing her employment as a TDCS Officer, such that she cannot establish that she was "otherwise qualified for the service sought."  Accordingly, Plaintiff cannot demonstrate that Defendant violated the Rehabilitation Act of 1973, and Defendant is entitled to a judgment as a matter of law.

## IV.  Conclusion

For the foregoing reasons, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no dispute as to any material fact and Defendant is entitled to a judgment as a matter of law.  The undersigned therefore recommends that Defendant's Motion for Summary Judgment (Docket No. 28) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report

and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge